J-S40025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERTO MENDOZA JUAREZ | : | |
| | : | |
| Appellant | : | No. 2811 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 29, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0006553-2018

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                          Filed: September 24, 2020

Appellant, Roberto Mendoza Juarez, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his bench trial convictions for simple assault, resisting arrest, disorderly conduct, and public drunkenness.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 18, 2018, Officer Kevin Hagan was responding to a 911 call when Appellant began yelling at him.  Officer Hagan observed that Appellant's eyes were bloodshot, his balance was unsteady, and the smell of alcohol emanated from his breath.  Officer Hagan explained he would arrest Appellant if he did

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 5104, 5503(a)(1), and 5505, respectively.

not leave. Appellant responded, "Go ahead." Officer Hagan attempted to apprehend Appellant for disorderly conduct, and Appellant assumed a fighting stance. While Officer Hagan was arresting Appellant, Appellant bit the officer's index finger. The Commonwealth charged Appellant with aggravated assault of a police officer per 18 Pa.C.S.A. § 2702(a)(6), as well as resisting arrest, disorderly conduct—fighting, and public drunkenness.

Appellant proceeded to a bench trial on August 29, 2019. At the conclusion of trial, the court amended the criminal information *sua sponte* to change the charge of aggravated assault of a police officer to simple assault under 18 Pa.C.S.A. § 2701(a)(1). The court then convicted Appellant of simple assault, resisting arrest, disorderly conduct—fighting, and public drunkenness. Following a sidebar with both counsel, Appellant proceeded immediately to sentencing, waived a presentence investigation ("PSI") report, and agreed to the Commonwealth's recommended sentence. The court sentenced Appellant to an aggregate term of time served to twenty-three (23) months' incarceration, plus two (2) years' probation.

On September 25, 2019, Appellant filed a timely notice of appeal. The court ordered Appellant on September 27, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant timely complied.

Appellant raises the following issue for our review:

> Did the trial court violate Appellant's due process rights by
> convicting him of a crime for which he was never charged

> where the offense of conviction, 18 Pa.C.S.A. § 2701(a)(1) is not a lesser-included offense of that charged in the Bill of Information, 18 Pa.C.S.A. § 2702(a)(6)?

(Appellant's Brief at 2).

Appellant argues the trial court erred when it amended the criminal information *sua sponte* to include simple assault under Section 2701(a)(1) instead of aggravated assault of a police officer per Section 2702(a)(6). Appellant avers Section 2701(a)(1) of simple assault is not a lesser included offense of aggravated assault of a police officer under Section 2702(a)(6). Appellant concludes this Court should vacate his conviction for simple assault. We disagree.

Preliminarily, to preserve a claim of error for appellate review, a litigant must make a specific objection before the trial court in a timely fashion and at the appropriate stage of the proceedings; failure to raise such objection results in waiver of the underlying issue on appeal. **Commonwealth v. May**, 584 Pa. 640, 887 A.2d 750 (2005), *cert. denied*, 549 U.S. 832, 127 S.Ct. 58, 166 L.Ed.2d 54 (2006) (reiterating that absence of specific and contemporaneous objection to error waives issue on appeal). **See also** Pa.R.A.P. 302(a) (stating: "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal"); **Commonwealth v. Jackson**, 215 A.3d 972, 977-78 (Pa.Super. 2019) (holding appellant waived challenge to amendment to criminal information where he failed to articulate specific objection at appropriate stage of proceedings before trial court).

Instantly, Appellant did not object at trial to the court's amendment of the criminal information and the court's conviction of Appellant for simple assault. ***See May, supra***; ***Jackson, supra***. In fact, immediately after the court announced its verdict, Appellant agreed to the Commonwealth's suggested sentence for all of his convictions, including simple assault. Instead, Appellant raises his challenge to the court's *sua sponte* amendment to the criminal information for the first time on appeal. Thus, Appellant's sole issue on appeal is waived. ***See id.***; Pa.R.A.P. 302(a). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/20